UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS ROBERTO CAMPOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM HOLLAND,<br>　　　　Defendant. | Case No. 15-cv-00856-LHK<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

Petitioner Luis Campos, a state prisoner at Tehachapi California Correctional Institute filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1.

**I.　　BACKGROUND**

On September 12, 2011, Petitioner was convicted of four counts of lewd act upon a child under the age of fourteen, three counts of forcible lewd act upon a child, two counts of false imprisonment by violence, and one count of assault with intent to commit a felony. *Id.* at 2. Petitioner appealed to the California Court of Appeal, which affirmed the judgment on September 30, 2013. *Id.* The California Supreme Court denied review on January 15, 2014. *Id.* Petitioner filed the underlying petition on February 25, 2015.

## II. DISCUSSION

### A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Claims

Petitioner seeks federal habeas corpus relief by raising a due process claim under the Fourteenth Amendment. Petitioner claims that the trial court erroneously admitted evidence of an uncharged and unrelated alleged sexual offence, and that the trial court's evidentiary decision resulted in "a substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). The claim appears cognizable under § 2254 and merits an answer from Respondent.

## III. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the

answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within 15 days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

**IT IS SO ORDERED.**

Dated: April 23, 2015

_____
LUCY H. KOH
United States District Judge