UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS ROBERTO CAMPOS,<br><br>            Petitioner,<br><br>      v.<br><br>KIM HOLLAND,<br><br>            Respondent. | Case No. 15-CV-00856-LHK<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**<br><br>Re: Dkt. No. 20 |

Petitioner Luis Campos ("Petitioner") filed a Petition for a Writ of Habeas Corpus (the "Petition") before the Court pursuant to 28 U.S.C. § 2254 on February 2, 2015. ECF No. 1. The Court denied the Petition on June 20, 2016 and denied a Certificate of Appealability ("COA"). ECF No. 19. Pursuant to Ninth Circuit Rule 22-1(d), Petitioner had 35 days from the Court's entry of its order denying the COA in which to file a motion for a COA with the Ninth Circuit. That deadline expired on July 25, 2016.

On August 10, 2016, Petitioner filed the instant motion for an extension of the deadline in which to file a notice of appeal.[1] ECF No. 20. Respondent Kim Holland ("Respondent") did not

---

[1] Pursuant to Ninth Circuit Rule 22-1(d), if Petitioner files a notice of appeal with the Ninth

1
Case No. 15-CV-00856-LHK
**ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

United States District Court
Northern District of California

oppose Petitioner's motion.

Federal Rule of Appellate Procedure 4(a)(5) permits the Court to grant an extension of the time to file a notice of appeal or motion for a COA with the Ninth Circuit, so long as the party requesting the extension does so within 30 days of the expiration of the original deadline to file a notice of appeal and shows either "excusable neglect or good cause." Fed. R. App. P. 4(a)(5); *see Washington v. Ryan*, --- F.3d ----, 2016 WL 4269871 (9th Cir. 2016) (noting that Federal Rule of Appellate Procedure 4(a)(5) provides "a thirty-day grace period within which parties may request more time to file a [notice of appeal] upon a showing of good cause or excusable neglect" in a case in which appellant was required to file a notice of appeal and motion for a COA); *United States v. Brown*, 626 Fed. App'x 688 (9th Cir. 2015) (noting that Federal Rule of Appellate procedure 4(a)(5) permitted the district court to grant an extension of the time in which to file a motion for a COA). If the Court grants an extension, the Court may extend the deadline no later than 30 days after the original deadline or 14 days after the date when the order granting the motion for an extension is granted, whichever is later. Fed. R. App. P. 4(a)(5)(c).

To determine whether neglect is excusable, the Court must analyze four factors first articulated by the U.S. Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993): "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer*, 507 U.S. at 395); *see also Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (holding that a district court ruling on a motion for an extension of time under Federal Rule of Appellate Procedure 4(a)(5) must apply the *Pioneer* factors to determine the existence of excusable neglect).

As to the first factor, the Court determines that the danger of prejudice to the opposing party is slight. Indeed, Respondent has not opposed the instant motion for an extension of time.

---

Circuit instead of a motion for a COA, "the court of appeals will deem the notice of appeal to constitute a motion for a COA."

2

Case No. 15-CV-00856-LHK
**ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

Under Ninth Circuit Rule 22-1(d), Respondent will have 35 days from service of Petitioner's motion for a COA in which to oppose the motion, and that deadline is unaffected by this Court's grant of an extension to Petitioner. Thus, this factor weighs in favor of granting Petitioner's motion. *See Pincay*, 389 F.3d at 859 (first factor weighs in favor of granting a motion for extension of time to file a notice of appeal).

Turning to the second factor, the length of the delay and its potential impact on proceedings, Petitioner filed the motion for an extension of time on August 10, 2016—16 days after Petitioner's deadline to file a motion for a COA expired and well within the 30-day deadline for filing a motion pursuant to Federal Rule of Appellate Procedure 4(a)(5). *See Pincay*, 389 F.3d at 859 (second factor weighs in favor of granting a motion for extension filed within 30 day deadline).

The third factor asks the Court to consider the reason for the delay. Here, the primary reason for the delay was that the attorney tasked with monitoring filings in Petitioner's case on Petitioner's behalf, Kristina Carbonell, incorrectly believed that Petitioner had 60 days in which to file an appeal and did not open the email notification regarding this Court's order denying the Petition until August 10, 2016, after the deadline to file a notice of appeal or motion for a COA had already passed. ECF No. 20-1, Decl. of Kristina Carbonell. Although "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered," and the same is true of a lawyer's failure to open an email notification from the Court, there is no per se rule that such errors are never excusable. *Pincay*, 389 F.3d at 859. Rather, the Court must "determine the issue of excusable neglect within the context of the particular case." *Id.* In the instant case, the attorney's error, although careless, was not attributable to any fault of Petitioner. Moreover, Petitioner's counsel was diligent in filing the instant motion for an extension the same day Petitioner's counsel realized that the deadline to file a notice of appeal had expired, and Respondent has not opposed Petitioner's request. Accordingly, the Court concludes that although the third factor does not militate in favor of granting the motion, it also does not weigh strongly

3

Case No. 15-CV-00856-LHK
**ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

against granting the motion. *See Pincay*, 389 F.3d at 860 (finding no abuse of discretion where the district court granted an extension of time to file a notice of appeal after counsel's paralegal calendared the original deadline incorrectly).

Finally, as to the fourth factor, the Court finds that the movant acted in good faith. Petitioner's counsel filed the instant motion for an extension the same day the error was discovered, and Petitioner's counsel has been forthright about the errors made in handling Petitioner's case. Thus, the fourth factor weighs in favor of granting the motion. *See id.* at 859 (finding the fourth factor weighed in favor of granting the extension motion in case where counsel's paralegal calendared the original deadline incorrectly).

The first, second, and fourth *Pioneer* factors all weigh in favor of granting the motion, and the third *Pioneer* factor does not weigh strongly against granting the motion. Considering the context of the instant case, in particular the fact that Respondent has not opposed and will not be prejudiced by granting Petitioner's motion, the Court GRANTS Petitioner's motion for an extension of time in which to file a notice of appeal. Petitioner shall have 14 days from today in which to file a notice of appeal and motion for a COA with the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: August 22, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

4
Case No. 15-CV-00856-LHK
**ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**